UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JESSICA L. HUTCHINSON, | Case No. 12-11337 |
|        Plaintiff, | Stephen J. Murphy, III |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael Hluchaniuk |
| | United States Magistrate Judge |
|        Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**MOTION FOR ATTORNEY FEES (Dkt. 32)**

**I.     PROCEDURAL HISTORY**

Plaintiff filed a claim for supplemental security income benefits on November 3, 2008, alleging that she became disabled on September 15, 1994. (Dkt. 10-5, Pg ID 141-43).  The claim was initially disapproved by the Commissioner on March 18, 2009.  (Dkt. 10-3, Pg ID 96-97).  Plaintiff requested a hearing and on April 20, 2010, plaintiff appeared with a non-attorney representative before Administrative Law Judge ("ALJ") Ethel Revels, who considered the case *de novo*.  (Dkt. 10-2, Pg ID 45-94).  In a decision dated September 22, 2010, the ALJ found that plaintiff was not disabled.  (Dkt. 10-2, Pg ID 30-41).  Plaintiff requested a review of this decision on October 4, 2010.  (Dkt. 10-4, PG ID 133-34).  The ALJ's decision became the final decision of the

Commissioner when, after the review of additional exhibits,[1] the Appeals Council denied plaintiff's request for review on January 18, 2012. (Dkt. 10-2, Pg ID 24-26); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

On March 23, 2012, plaintiff filed suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Stephen J. Murphy, III referred this matter to Magistrate Judge R. Steven Whalen for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for supplemental security income benefits. (Dkt. 5). On November 12, 2012, this matter was reassigned to the undersigned. (Dkt. 19). Both parties filed motions for summary judgment, on which the undersigned issued a report and recommendation. (Dkt. 28). The undersigned recommended that plaintiff's motion for summary judgment be granted in part and that defendant's motion be denied in part, and that this matter be remanded for further consideration. On August 29, 2013, Judge Murphy adopted this recommendation, with no objections

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

filed, and remanded for further proceedings. (Dkt. 29, 30).

On November 27, 2013, plaintiff filed a motion for fees and costs under the Equal Access to Justice Act ("EAJA") and supporting affidavits. (Dkt. 32, 32-1 - 32-10). Defendant filed a response on December 20, 2013. (Dkt. 36). Plaintiff filed a reply brief on January 3, 2014. (Dkt. 37). On December 17, 2013, Judge Murphy referred this motion to the undersigned for report and recommendation. (Dkt. 34). For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for attorney fees be **DENIED**.

## II.   DISCUSSION

### A.   Legal Standard

Pursuant to the Equal Access to Justice Act ("EAJA"), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997).

The burden rests with the Commissioner to establish that his position was substantially justified, *see Secretary, U.S. Dep't of Labor v. Jackson Cnty. Hosp., Inc.*, 2000 WL 658843, at *3 (6th Cir. May 10, 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989); *see also Noble v. Barnhart*, 230 Fed. Appx. 517, 519 (6th Cir. 2007) ("[T]he position of the government will be deemed to be substantially justified if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."). "To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness." *Comm'r, INS v. Jean*, 496 U.S. 154, 158 n. 6 (1990). However, the fact that the Commissioner's decision was found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831, at *1 (6th Cir. Sept. 22, 1997); *see also Couch v. Sec'y of Health & Hum. Servs.*, 749 F.2d 359, 359 (6th Cir. 1984); *see also Jean*, 496 U.S. at 161-162 ("While the parties' postures on individual matters may be more or less justified, the EAJA-like other fee-shifting statutes-favors treating a case as an inclusive whole, rather than as atomized line-items.").

### B. Plaintiff's Argument

Plaintiff argues that she is a prevailing party by virtue of the Court's remand

of this matter, and that the position of the Commissioner is not substantially justified. Plaintiff asserts that the Court remanded the ALJ's decision because the ALJ failed at Step Three of the sequential analysis to address whether plaintiff met the diagnostic description in the introductory paragraph of Listing 12.05, and erred by applying the improper legal standard when she determined that plaintiff "[did] not have a physical or other mental impairment that imposes a significant work-related limitation of function" under 12.05(C). According to plaintiff, where legal error results in reversal of the ALJ's decision and where such legal error is contrary to "clearly established statutory and court precedent," the Commissioner's position before the agency is not substantially justified. *See Pierce v. Underwood*, 487 U.S. 552, 561-62 (1988).

Plaintiff contends that this case did not involve a mere articulation error, as the Commissioner asserts, but rather the ALJ failed to make a specific finding of whether the threshold requirement of Listing 12.05 was met, and the Commissioner's post-hoc rationale in support of the ALJ's finding is insufficient to correct that error. Plaintiff further asserts that the Court found that the ALJ applied an improper legal standard in determining that plaintiff did not meet the Listing. According to plaintiff, where an ALJ fails to follow established law, this is enough to merit an EAJA award. Plaintiff contends that courts have consistently refused to find the government's position to be "substantially

5

justified" when the ALJ fails to apply the correct legal standard, and that the Commissioner's attempts to stylize the ALJ's error as mere error of articulation is nothing more than a smokescreen.

Plaintiff concludes that the ALJ's actions were not reasonable and the Government's position defending the ALJ's denial of plaintiff's benefits was based on flawed reasoning and misapplication of the law. Plaintiff therefore moves the Court for an award of attorneys' fees in the total amount of $4,964.31, which plaintiff contends is reasonable.

**C.    The Commissioner's Argument**

The Commissioner argues that the government's position meets the substantial justification standard, and that plaintiff's motion for attorney's fees should be denied. The Commissioner asserts that the Court remanded this case based on the ALJ's findings at Step Three of the five-step sequential analysis. However, the Court did not address plaintiff's argument regarding credibility and found plaintiff's remaining two arguments lacked merit. The Commissioner contends that while the Court did not ultimately agree, the agency's position regarding the ALJ's finding at Step Three was substantially justified because its position was well-supported in law and any error was one of articulation.

The Commissioner states that plaintiff argues that her condition met the requirements for Listing 12.05(C), which requires that the claimant establish

mental retardation.  *See* 71 Fed. Reg. 10419, 10423 (2006) ("you must have mental retardation that satisfies the criteria in the introductory paragraph . . . in addition to the criteria in one of the paragraphs that follows").  The Commissioner contends that the import of Listing 12.05 is that a claimant cannot establish disability under the Listing with low IQ scores alone – the claimant's functioning must reflect mental retardation as well.  The Commissioner asserts that the ALJ here did not find plaintiff had mental retardation, but rather an organic mental disorder.  (Tr. 12).  In evaluating whether plaintiff met (or equaled) the criteria for Listing 12.05(C), the ALJ found the opinion of state agency reviewing psychologist, Rom Kriauciunas, Ph.D., consistent with the record.  (Tr. 12, citing Tr. 361-74).  Dr. Kriauciunas did not find plaintiff met the diagnostic criteria for mental retardation, citing her functioning in the borderline range.  (Tr. 365).  The Commissioner contends that the ALJ also explicitly noted that plaintiff was diagnosed with a learning disorder by consultative examining psychologist, Hugh Bray, Ph.D.  (Tr. 14, citing Tr. 352-55).  Dr. Bray also explicitly found that plaintiff functioned in the borderline range, and was not mentally retarded.  (Tr. 354).  The Commissioner asserts that the ALJ gave significant weight to Dr. Bray's opinions (Tr. 16-17), and contends that the undersigned found no error in the ALJ's weighing of Dr. Bray's opinion.  According to the Commissioner, plaintiff has not identified a single medical source who diagnosed her with mental

7

retardation, and the agency does not identify any either.  Thus, the Commissioner concludes, the agency was sufficiently justified in defending the ALJ's discussion of Listing 12.05(C), including the diagnostic criteria.

The Commissioner argues that the agency was likewise substantially justified in defending the ALJ's discussion of whether plaintiff had a physical or other mental impairment that imposed an *additional* and *significant* work-related limitation of function.  (Tr. 14).  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C).  Plaintiff argues that her attention deficit disorder or learning disorder in math constituted a severe mental impairment in satisfaction of 12.05(C).  The Commissioner responds that, as explained in its underlying brief, plaintiff's argument ignores the requirement that the mental disorder must be separate from and in addition to mental retardation.  According to the Commissioner, the record evidence indicates that plaintiff's learning disability with math and her inattentiveness were all interrelated to her intellectual capacity because, as the ALJ recognized, classroom observations noted that plaintiff's difficulties with inattentiveness stemmed from task complexity.  (Tr. 16, citing Tr. 171-72).  The Commissioner further asserts that plaintiff's school psychologist noted that, although plaintiff received special education services based on her label of ADD, she should be considered as having a cognitive impairment.  (Tr. 176).  He continued to say that plaintiff had always struggled on tests of cognitive strength

8

and academic achievement. (Tr. 176). The Commissioner continues that in addition, as discussed above, the reviewing state agency psychologist opined that plaintiff did not satisfy the criteria for Listing 12.05(C). Thus, in light of this evidence and the uncontested opinion of the reviewing state agency psychologist, the Commissioner argues that it was reasonably justified in defending the ALJ's finding that plaintiff did not have a *separate* mental or physical impairment that caused significant work-related limitations.

The Commissioner concludes that given the evidence supporting the agency's position, the agency was substantially justified in its position because the error was one of articulation. In *Anderson*, a magistrate judge remanded a case to the agency because "the ALJ in his opinion had not provided adequate articulation of his rationale." *Anderson v. Comm'r of Soc. Sec.*, 1999 WL 1045072, at *3 (6th Cir. Nov. 12, 1999). The Sixth Circuit upheld the district court's denial of the claimant's EAJA application, finding that the government was substantially justified "even though the ALJ's opinion was not sufficiently explicit." *Id*. at *5. The Commissioner argues that the same reasoning is applicable here because, as in *Anderson*, this case was remanded merely for clarification. The Commissioner thus requests that this Court find that, like in *Anderson*, the government was substantially justified even though the ALJ's discussion of whether plaintiff met Listing 12.05(C) could arguably have been more explicit. *See id.* at *5. The

Commissioner further argues that, to the extent plaintiff would be entitled to fees, plaintiff's requested rates of reimbursement and requested hours are excessive, and that any fee award should be reduced to $3,291.50.

### D. Analysis and Conclusions

"The issue, when considering the award of attorney's fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation for his findings, but whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record." *Anderson v. Comm'r of Soc. Sec.*, 1999 WL 1045072, *4 (6th Cir. Nov. 12, 1999); *see also Olive v. Comm'r of Soc. Sec.*, 534 F. Supp.2d 756, 760-61 (N.D. Ohio 2008) ("Although there were circumstances that led to remand, that does not mean that the government was not justified in defending the ALJ's decision to deny benefits based on the available evidence"). "The ALJ's failure to articulate his reasoning with respect to this issue does not, in and of itself, establish that there was no reasonable basis for the ALJ's decision to deny benefits .... This is not a case where the claimant presented overwhelming proof of disability." *Saal v. Comm'r of Soc. Sec.*, 2010 WL 2757554, *3 (W.D. Mich. June 24, 2010), *adopted by* 2010 WL 2757779 (W.D. Mich. July 13, 2010).

In the view of the undersigned, the errors for which this case was remanded relate primarily to failure of articulation on the part of the ALJ and just as in *Saal*,

this is not a case where overwhelming evidence of disability was presented. Rather, in assessing whether the Commissioner's position was substantially justified, the Court must look at the whole of the government's position. *Cummings v. Sullivan*, 950 F.2d 492, 500 (7th Cir. 1991). "[B]eing incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action." *Jackson v. Chater*, 94 F.3d 274, 279-80 (7th Cir. 1996). In this case, the government's overall position has been that plaintiff is not disabled as defined by the Social Security Act. At Step Three of the sequential analysis, the ALJ found that plaintiff did not meet or medically equal a listed impairment, specifically Listing 12.05. The undersigned found that the Court could not assess whether a finding that plaintiff does not meet the introductory paragraph of Listing 12.05 is supported by substantial evidence because the ALJ failed to articulate such an opinion. The undersigned noted that, as the Commissioner points out, plaintiff has never been diagnosed with mental retardation, and stated that "'[t]hough the Commissioner's arguments that [plaintiff] does not satisfy the threshold requirement of Listing 12.05 are not entirely unpersuasive, counsel's argument cannot cure a deficient opinion by offering explanations never offered by the ALJ' because 'arguments [crafted by defense counsel] are of no consequence, as it is the opinion given by the [ALJ] rather than counsel's "post hoc rationale" that is under the Court's consideration.'"

11

(Dkt. 28, Pg ID 565-66 quoting *Oddo v. Astrue*, 2012 WL 7017622, at *6 (N.D. Ohio Dec. 10, 2012), *adopted by* 2013 WL 486276 (N.D. Ohio Feb. 6, 2013)). The undersigned found that "[b]ecause it is unclear whether the ALJ conducted the analysis required in the initial step, the case must be remanded for further consideration." (Dkt. 28, Pg ID 566).

The undersigned further noted that although the ALJ found at Step Two of the sequential analysis that plaintiff suffered from two mental impairments (attention deficit disorder and organic mental disorders), he nevertheless found that plaintiff did not demonstrate "a physical or other mental impairment imposing an additional and significant work-related limitation of function," as required to meet Listing 12.05(C). (Dkt. 28, Pg ID 566-69). The undersigned found that the ALJ's analysis here was in error because, "assuming *arguendo* that finding an impairment is 'severe' at Step 2 does not mandate a *per se* finding that such an impairment imposes a significant work related limitation, under Listing 12.05(C), the ALJ should, at least, discuss the distinction between the two," which the ALJ failed to do. The undersigned then concluded that "this matter must be remanded so that the ALJ can assess whether the evidence provided by plaintiff was sufficient to satisfy the requirements of deficits in adaptive functioning initially manifested before age 22, and to assess whether plaintiff's physical or other mental impairments impose significant limitations." (Dkt. 28, Pg ID 569).

12

Nonetheless, as the Commissioner points out, there was evidence to support the ALJ's decision at Step Three that plaintiff did not meet or medically equal Listing 12.05C. Specifically, the ALJ here did not find plaintiff had mental retardation, but rather an organic mental disorder, and the state agency reviewing psychologist, Dr. Kriauciunas, did not find plaintiff met the diagnostic criteria for Listing 12.05(C), instead citing her functioning in the borderline range. (Tr. 12, citing Tr. 361-74). The consulting examining psychologist similarly found that plaintiff functioned in the borderline range and not in the mentally retarded range. (Tr. 14, citing Tr. 352-55). In addition, plaintiff never identified a single medical source who diagnosed her with mental retardation. Indeed, as stated above, this Court did not reverse the Commissioner's decision, but merely remanded it for further assessment and articulation of the reasoning regarding the two requirements of Listing 12.05(C). (Dkt. 28). Furthermore, in assessing the Commissioner's overall position, the undersigned found that, contrary to plaintiff's claims of error, there was substantial evidence to justify the ALJ's RFC determination and the vocational expert's testimony.

Significantly, in social security disability cases, there are many instances where a court will remand the case back to the ALJ for further evidence, but still, nonetheless, reject the plaintiff's EAJA petition, finding that the government's overall position was substantially justified, despite the need for remand. *See, e.g.,*

13

*Anderson*, 1999 WL 1045072, at *4-5 (Commissioner's position was substantially justified even though matter was remanded because of the ALJ's lack of explicit and detailed articulation of the relevant facts in his opinion regarding whether plaintiff met one of the Listings); *Caradine v. Comm'r of Soc. Sec.*, 2013 WL 3191142, at *4-5 (E.D. Mich. June 21, 2013) (while the ALJ's report was deficient, the Commissioner was substantially justified in defending the ALJ's decision that plaintiff's symptoms did not qualify as a listed impairment); *Woodard v. Comm'r of Soc. Sec.*, 2013 WL 3279160, at *4 (S.D. Ohio June 27, 2013) (although ALJ's errors were more than errors in articulation, the Commissioner was substantially justified in defending the decision and an award of fees under the EAJA was not appropriate), *adopted by* 2013 WL 4502208 (S.D. Ohio Aug. 22, 2013); *Reynolds v. Astrue*, 2011 WL 4944426, at *3 (E.D. Mich. Oct. 18, 2011) ("Although the ALJ did not comprehensively describe his thought process at Step Three, the Court finds that Defendant was substantially justified in relying on the ALJ's ultimate decision to deny benefits" and "[t]he Sixth Circuit's remand to further develop the record does not alter" that conclusion.); *see also Jackson*, 94 F.3d at 279-80 (finding that although the case needed to be remanded to the agency for the taking of additional evidence, the government's position, that

claimant was not disabled, was "substantially justified" pursuant to the EAJA).[2]

Thus, although the ALJ's decision was found to be flawed, the decision still had a reasonable basis in law and fact, and the undersigned agrees with the Commissioner that the government's administrative and litigation positions were substantially justified and that plaintiff's application for fees under the EAJA should be denied. Given this conclusion, the remainder of the Commissioner's objections to plaintiff's fee request need not be considered.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for attorney fees be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right

---

[2] Plaintiff cites *Christephore v. Comm'r of Soc. Sec.*, 2012 WL 3966365 (E.D. Mich. Aug. 15, 2012), *adopted by* 2012 WL 3966352 (E.D. Mich. Sept. 11, 2012), as an example of a case where the court granted EAJA fees after finding that the ALJ failed to apply the correct legal standard, and argued that the same reasoning should apply here. However, that case is readily distinguishable from the instant case. In *Christephore*, the court found that the ALJ committed three separate errors: he wholly failed to discuss and thus completely ignored Listing 14.08; he made an improper credibility determination; and he made an unsupported RFC determination. As explained above, the undersigned here found that the ALJ's RFC and vocational expert determinations were supported by substantial evidence and remanded solely for further assessment and articulation of the ALJ's Step Three finding that plaintiff did not meet Listing 12.05(C).

15

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 27, 2014                          s/Michael Hluchaniuk
                                              Michael Hluchaniuk
                                              United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on March 27, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: William W. Watkinson, Jr., Frederick J. Daley, Jr., Thresa M. Urbanic, AUSA, and Meghan O'Callaghan, Social Security Administration.

                                                s/Tammy Hallwood
                                                Case Manager
                                                (810) 341-7887
                                                tammy_hallwood@mied.uscourts.gov