UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA L. HUTCHINSON,

    Plaintiff,

Case No. 12-cv-11337

v.

HONORABLE STEPHEN J. MURPHY, III

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                         /

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (document no. 38),
AND DENYING MOTION FOR ATTORNEY'S FEES (document no. 32)**

Social Security claimant Jessica L. Hutchinson seeks costs and attorneys fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, because the Court remanded her case for further administrative proceedings after finding that the administrative law judge who reviewed her claim failed to make a required factual finding and to adequately explain another. The magistrate judge tasked with issuing a report and recommendation on Hutchinson's motion recommends denying her request. For even though the Commissioner of Social Security ("Commissioner") did not prevail in litigation, the magistrate explains, the Commissioner nevertheless took a position that was substantially justified. Hutchinson disagrees with this assessment. The Court does not.

**BACKGROUND**

Hutchinson, who has an IQ of between 67 and 80, applied for supplemental Social Security income when she was 19. Admin. Record 10, 12, 14, ECF No. 10-2. The administrative law judge ("ALJ") reviewing her application determined that she was not disabled. *Id.* at 18.

At step one of the disability analysis, the ALJ found that Hutchinson had not engaged in substantial gainful activity since her November 3, 2008 application date. *Id.* at 12. The ALJ then found at step two that Hutchinson had an organic mental disorder and attention deficit disorder that were severe impairments. *Id.* But at step three the ALJ found that she did not have an impairment that met or was the medical equivalent of one of the listed impairments in the Social Security regulations. *Id.* at 12–14. Moreover, the ALJ found at step four that Hutchinson had the residual functional capacity to perform medium work if limited to simple, repetitive, and unskilled tasks. *Id.* at 14–17. And at step five the ALJ found that there were a significant number of jobs in the national economy that Hutchinson could perform. *Id.* at 17. Therefore, the ALJ concluded that she was not disabled.

After the ALJ's decision became the final decision of the Commissioner, Hutchinson sought judicial review. The case was referred to a magistrate judge for a report and recommendation.

In a report and recommendation later adopted by the Court, the magistrate concluded that the Commissioner had erred at step three in analyzing whether Hutchinson's condition equaled the mental impairments listed in Listing 12.05(C). Report & Recommendation on Cross-Motions for Summ. J. ("Report") 26–33, ECF No. 28. To qualify as intellectually disabled under Listing 12.05(C), a claimant must show that (1) she meets the introductory paragraph of Listing 12.05, which requires a claimant to have significantly subaverage general intellectual functioning with deficits in adaptive function that initially manifested prior to the age of 22; (2) she has a valid verbal, performance, or full-scale IQ score of 60 through 70; and (3) she has a physical or mental impairment, other than mental retardation,

that is an additional and significant work-related limitation. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05; *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

In Hutchinson's case, the magistrate reasoned, the ALJ had misapplied these criteria in two ways. One error was that the ALJ failed to make a finding regarding whether Hutchinson satisfied the criteria in the introductory paragraph of Listing 12.05. Report 29–30. And a second problem was that the ALJ did not adequately explain why neither Hutchinson's organic mental impairment nor attention deficit disorder was an additional and significant work-related limitation distinct from her low IQ. Report 30–33. Therefore, the magistrate concluded that remand was proper even though the Commissioner had offered plausible (but post hoc) explanations for the ALJ's decision and there were no other errors in the ALJ's decision.

After the entry of judgement, Hutchinson moved for a fee award under the EAJA. Although she was the prevailing party, the magistrate recommends denying her motion because the Commissioner's position was substantially justified. Hutchinson objects to this conclusion.

## STANDARD OF REVIEW

A district court must review timely and specific objections to a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(2)–(3). The court, however, may adopt, reject, or amend the portions of the report and recommendation to which no party properly objects. *See* Fed. R. Civ. P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## DISCUSSION

To obtain an award of attorney's fees under the EAJA, a plaintiff must be the prevailing party, the government must have opposed the plaintiff without substantial justification for its position, and there must be no special circumstances that make an award unjust. *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006). Here, the only dispute is whether the second criterion is satisfied.

Even if the government loses on a particular case or argument, its position is nevertheless substantially justified if reasonable people could differ on the appropriateness of contesting the plaintiff's claim. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). Just because an ALJ makes a procedural error, such as failing to adequately explain a decision, that results in remand does not mean that a fee award is appropriate. *See Delong v. Comm'r of Soc. Sec.*, --- F.3d ---, 2014 WL 1378136, at *2–4 (6th Cir. 2014). Rather, in a Social Security case, the question is whether the Commissioner's decision to deny benefits and defend that decision is reasonable. *Id.* at *3.

Throughout this litigation, the Commissioner has taken the position that Hutchinson is not disabled. There is substantial justification for the Commissioner's position. Even though the ALJ failed to make a required finding and explain the step three analysis adequately, as previously observed, the Commissioner has offered plausible supporting explanations for the ALJ's conclusion that Hutchinson does not have a mental impairment, other than mental retardation, that is an additional and significant work-related limitation. Several medical opinions cited by the ALJ support the Commissioner's position that Hutchinson is not mentally retarded but rather is functioning in the borderline range. Admin.

Record 12, 14. Also, the ALJ considered opinions from the reviewing state psychologist and Hutchinson's school psychologist suggesting that Hutchinson's learning difficulties and organic mental disorder may be interrelated to her limited intellectual capacity. Admin. Record 14, 16, 176. That evidence is reasonable support for the Commissioner's position that Hutchinson is not disabled because she does not suffer from a limitation of function that is distinct from her low IQ.

Hutchinson, of course, interprets the evidence differently. And there is some — though not overwhelming — evidence that she may be disabled. But the conflicting evidence of disability here renders the government's position substantially justified despite the procedural errors necessitating remand. After all, remand "may result in yet another denial of benefits," and the Court "may well sustain such a denial on appeal." *Delong*, 2014 WL 1378136, at *4.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the report and recommendation on attorney's fees (document no. 38) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the motion for attorney's fees (document no. 32) is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 17, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 17, 2014, by electronic and/or ordinary mail.

                                           s/Carol Cohron
                                           Case Manager